IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

2020 MAY -6 PM 2:05

RICHARD DUNCAN
1101 EAST BLVD
AURORA, OHIO

CASE NUMBER

2 20CV2295

PLAINTIFF

JUDGE

Judge Watson

VS.

FRANK LA ROSE
in his official capacity as Ohio
Secretary of State
22 N. 4th Street 16th Floor
Columbus, Ohio 43215

MAGISTRATE JUDGE DEAVERS

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

GOVERNOR MIKE DEWINE
Riffe Center, 30th Floor, 77 South High
Columbus, Ohio 43215

OHIO GENERAL ASSEMBLY
1 Capital Square
Columbus, Ohio 43215

DEFENDANTS

Plaintiff for his complaint states as follows;

INTRODUCTION

This is an action seeking an injunction against enforcement and a declaration of the invalidity of Ohio Revised Code 3513.262 and .263 which unconstitutionally and unlawfully restricts freedom of expression and other protected rights of the citizens of the United States and the State of Ohio, including equal protection. Richard Duncan(hereinafter Duncan) alleges that Ohio's ballot access procedure, in combination with Governor DeWines

recent orders on the Covid 19 virus violates rights guaranteed to him by the 1st and 14th Amendments of the U.S. Constitution.

## PARTIES

2. Duncan is an individual, a voter, and a resident of Aurora, Ohio and has ran for U.S. President since 2004 in 4 elections. Pursuant to Ohio Election law, to appear on the official general election ballot, Duncan and other independent candidates are required to file with the Ohio Secretary of States office a nominating petition to include 5000 and up to 15,000 signatures of qualified and registered voters. The deadline is August 5th, 2020 and all the signatures must be collected within a one year period.

3. Defendant LaRose is Ohio's Secretary of State. Pursuant to ORC 3501.04 he is the chief elections officer of Ohio. Defendant DeWine is Ohio's Governor.

4. Defendant LaRose is charged by Ohio law with enforcing ORC 3503.06a (see ORC 3501 M stating that Ohio's Secretary of State has the power to compel the observance by elections officers in the several counties of the requirements of the election laws; observing that he compels compliance with election law requirements by election officials). LaRose under Ohio law has the final say on whether Duncan has properly collected enough signatures to qualify for Ohio's Presidential ballot.

5. Defendant LaRose at all times relevant to this action was and is engaged in state action under color of state law.

6. Defendant is being sued in his official capacity for declaratory and injunctive relief under 42 U.S.C. Section 1983 and 28 U.S.C. 2201, as well as costs and attorney fees under 42 U.S.C. 1985(b) if Duncan hires an attorney.

## JURISDICTION AND VENUE

7. This is a civil rights action brought pursuant to 42 U.S.C. Section 1983 and arising directly under the Constitution and laws of the United States.

8. Jurisdiction in this case is predicated on 28 U.S.C. Section 1331 and 1343, this being a case arising under the Constitution of the United States and 42 U.S.C. Section 1983. This Court has personal jurisdiction over the defendants because they are public officials of the State of Ohio and they are residents of Ohio. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1331 because Duncan's claims arise under the 1st and 14th Amendments of the U.S. Constitution and 42 USC 1983.

9. Declaratory and Injunctive relief is authorized by 28 USC 2201 and 2202, and Rule 65 of the Federal Rules of Civil Procedure.

10. This court is a proper venue for this civil action under 28 USC 1391; as Defendant resides in or has his principal place of business in, and/ or a substantial part of the events giving rise to Plaintiffs claims occurred in the Southern District of Ohio, Eastern Division.

## SUMMARY OF THIS CIVIL ACTION

11 Duncan alleges that Ohio's ballot access procedures(mainly set forth in R.C. 3513.257), in combination with Governor DeWines numerous orders regarding the Covid-19 virus, violates rights guaranteed to him by the 1st and 14th Amendments of the U.S. Constitution.

12. Pursuant to Ohio election law, to appear on the official general election ballot, Duncan and other Independent candidates are required to file with the Ohio Secretary of States office by August 5th, 2020 (the filing deadline) a nominating petition to include 5000 and up to 15000 signatures of qualified and registered voters residing in Ohio, collected within a one year period.

p. 4

13. Pursuant to Governor DeWine's numerous orders in regards to the global pandemic Covid-19 virus, Ohio residents are advised to stay in their homes, public gatherings are prohibited, and those who are permitted to go in public must maintain a distance of six feet from other people.

14. Duncan was diligently collecting signatures prior to the pandemic. Although he collected a substantial number of signatures from qualified and registered voters, he has yet obtained enough signatures to meet the statutory threshold to have his name placed on the November 2020 ballot.(having extras to cover for signatures which are not counted).

15. Through the enforcement of Ohio's election law(mainly 3513.257), in conjunction with DeWine's pandemic orders, defendants have effectively precluded Duncan and other similarly situated independent candidates throughout the state from qualifying to have their name on the 2020 general election ballot.

16. Defendants have indicated that the current filing deadline on August 5th, 2020 will be strictly enforced, notwithstanding that they have the power to extend the deadline or decrease the number of signatures required.

17. Defendants refusal to relax these laws places Duncan and candidates in the position of having to break the law and potentially sicken himself and others, or choose to not run for public office altogether.

18. Duncan seeks prospective declaratory relief and injunctive relief as necessary to ensure his placement on Ohio's November 3rd, 2020 ballot. In support of his complaint, Duncan submits his declaration (Exhibit A).

p.5

## GENERAL FACTS AND ALLEGATIONS

19. Duncan has run as an Independent for U.S. President and has been printed on the ballot in 2008, 2012, and 2016 in Ohio. In 2016 he ranked number 9 in the most votes obtained in the nation showing he gets a modicum of support. On or about July 31, 2019 Duncan began to obtain signatures toward the 5000 needed in the 2020 Presidential election. In mid-March 2020 Duncan stopped getting signatures due to comments from voters that this is not safe to be touching pens, etc. and being too close, and from Governor DeWine's and President Trump's orders on the Covid 19 virus.

20. These orders do not create an exception for political candidates so Duncan has reached out in a letter to the Ohio Secretary of State, the Governor and the Ohio General Assembly to reduce the number of signatures needed(see Exhibit B). As of this date of filing all statutory requirements remain in place as they have refused to do so.

21. The defendants enforcement of the signature requirement is inconsistent with other actions the Secretary of State has taken in these unprecedented times. The election primary was even postponed so voters could vote by mail and not be near other people.

22. Collecting signatures is a time consuming process which requires being within 2 feet of the signer and most people use the collector's pen.

23 Governor DeWine's orders have made it impossible for candidates to safely obtain the required number of signatures by August 5th 2020 unless it was done before the pandemic started.

24. The enforcement of the signature requirements under these unprecedented circumstances, considering these politicians orders, is unconstitutional because it imposes signature requirements upon Duncan and simultaneously strips him of the ability to meet those requirements.

25. This effectively prevents Duncan, through no fault of his own, from getting his name on the ballot and running for office in a meaningful way.

26. Over the last several months Duncan has expended countless hours and other resources campaigning. The enforcement of the signature requirement severely injures Duncan and continues to impose severe burdens on him because if it is enforced, he will not be able to run for office, or alternatively, he will be required to spend large sums of money on new ways; for example in an attempt to acquire signatures through a mail campaign.(this is likely illegal as signatures must be witnessed).

27. Duncan, as well as his supporters will be further injured and will suffer irreparable harm to their voting, speech and associational rights because they will not be able to vote for the candidate of their choice if Duncan is not permitted to be on the ballot,

## CLAIMS FOR RELIEF
### COUNT I- VIOLATION OF 1ST AND 14TH AMENDMENT RIGHTS

28 The preceding paragraphs 1-27 are hereby incorporated by reference.

29. Considering the existence of an unprecedented viral pandemic and Governor DeWine's various orders, the application and enforcement of ORC 3513.257 is unconstitutional as applied to Duncan because the enforcement of the statutes

would require Duncan to collect and submit 5000 valid signatures by August 5th, 2020 while simultaneously ordering Duncan to comply with the pandemic orders.

30. Defendants actions effectively prohibit Duncan from getting the required number of signatures, and in turn, prevent him from having his named placed on the Nov. 3rd, 2020, which violates Duncan's freedom of speech and association, equal protection, and due process rights as guaranteed by the 1st and 14th Amendments, and as enforced by 42 USC Section 1983.

31. Defendants enforcement of the statutory requirements in conjunction with the governor's orders make it virtually impossible for Duncan to get his name on the ballot without causing both himself and his supporters to violate the governors orders and face potential criminal charges. Under the circumstances, these requirements are burdensome, unreasonable and are not narrowly tailored to meet any compelling or legitimate state interest.

32. These violations immediately injure Duncan and will continue to injure Duncan in the future in the absence of relief from this Court.

COUNT II- RC 3513.257 IS UNCONSTITUTIONAL TO DUNCAN AS A VOTER

33. The preceding paragraphs 1-32 are hereby incorporated by reference.

34. Duncan is a registered voter, has consistently voted in past general elections and has a constitutional right to effectively cast his vote.

35. The unconstitutional exclusion of Duncan's candidacy through the unconstitutionally enforcement of the signature requirement deprives him of an effective choice at the

ballot, is wholly unreasonable, and fails to meet any compelling or legitimate state interest.

36. Defendants enforcement of the signature requirements hinders Duncan's oppurtunity to choose among competitive alternatives at the ballot, which would otherwise exist.

37. Duncan is immediately injured by these unconstitutional acts.

## PRAYER FOR RELIEF

WHEREFORE, Duncan respectfully requests that this Honorable Court enter a judgment in its favor and against Defendants and grant the following relief;

A. Enter Declaratory Judgment holding that RC 3513.257 and other election laws are unconstitutional as applied to Duncan in his capacity as a candidate for President and as a qualified voter;

B. Enter a temporary restraining order and/or preliminary injunction (or permanent), barring defendants from enforcing the signature requirements.

C. Enter an order requiring defendants to decrease the signature requirement, or place Duncan's name on the ballot upon his filing of the nominating petition with fewer than the required number of signatures.
D. Attorney fees if Duncan hires a lawyer
E. Award such other relief as the Court deems proper and just.

Respectfully, Richard Duncan 1101 East Blvd Aurora, Ohio 44202

_____Plaintiff

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| RICHARD DUNCAN<br>   PLAINTIFF<br>      VS. | JUDGE |
| FRANK LAROSE ET AL.<br><br>DEFENDANTS | DECLARATION OF RICHARD<br>DUNCAN (NOTARIZED) |

Pursuant to 28 USC 1746, I hereby declare as follows;

1. I am an Independent Candidate for President in 2020.

2. On or about July 31st, 2019 I started collecting signatures on the forms supplied by the Ohio Secretary of States' office(public stores, county fairs, concerts etc.).

3. I diligently (about 3 times a week) went out to cities in Ohio which included the Ashtabula, Youngstown, Akron, Toledo, Cleveland, Mansfield and Columbus areas.

4. I am required by RC 3513.257 to collect 5000 qualified voters to be certified for the November ballot and the total signatures submitted must be less than 15,000; and they must be collected within a one year period; and there is a deadline of August 5th, 2020.

5. On or about mid March 2020 President Trump and Governor DeWine started daily briefings in regards to stay at home orders, social distancing and the health risks of close contact with other people. The State of Ohio even postponed its

d-2

primary election day for Republicans and Democrat voters so as to avoid in person voting and by mail only.

6  In my signature gathering process, I get very close to my signers. I "look over their shoulder" as they are signing to make sure it is legible and I often ask them to print their name.   I started getting comments as to whether my signature collecting was violating these orders and/ or a health hazard.  I wiped down the pens with sanitizer all day long.  I believe Friday March 13th was the day I decided to hold up on the process.

7. As the death toll from Covid-19 was nearing 1000 in Ohio,  I got an email from a friend who told me Virginia was getting sued by candidates for office to reduce the number of signatures needed to qualify for the ballot. I checked Richard Winger the author of Ballot Access News and he verified that many suits  have been filed, and that a few states have voluntarily relaxed the standards.

8.  I therefore, called Mr LaRose's office and talked to Dave Ward and he said he could not do anything about it.  I then, wrote a letter to Governor DeWine, the Ohio General Assembly, and Mr.  LaRose  for help.  On 4/31 I emailed Dave Ward to please follow up with them. (see EXHIBIT B)

9. As of this date,  no reduction has been granted and appears doubtful.

10. The defendants enforcement of the 5000 signature requirement is inconsistent in that they made it safer for the republican and democratic voters to nominate in their primary.  However, when it comes to Independent voters,  to nominate  in their primary process they must in close contact sign a petition, and risk dying or infecting

d-3

other people. This certainly will be a deterrent to voters who would under normal conditions sign my petition; and violates equal protection.

11. I asked Dave Ward if the police could arrest me for being in close contact with voters in view of the governors order's and he was not sure.

12. Due to the Covid 19 threat, most public businesses are closed limiting the possible voters in public to sign petitions. Health Director Amy Acton as of April 30th extended the prior order through May 31st, with no indication whether it would be extended again.

13. Due to the health threat, the Ohio Governor's and CDC and President Trump's orders' and the limited voters in public; I have been severly injured or burdened in that it is doubtful I can meet the 5000 signature minimum and to be able to run for President.

14. In the 2016 election I was ranked 9th in the nation in total Presidential votes showing I get a modicum of support from my voters(in 2012 I ranked 10th). If I am kept off the ballot in 2020, others will not be able to vote for me as they did in the past.

15. I declare under penalty of perjury, that the foregoing statements are true and correct.

*(signed) Richard Duncan*

Executed and signed before me this ____4th____ day of May, 2020. by Richard Duncan 1101 East Blvd Aurora, Ohio 44202.     NOTARY PUBLIC IN OHIO

*(notary signature) 5/4/2020*
NOTARY FOR THE STATE OF OHIO
Brian Uscilowski

BRIAN USCILOWSKI
Notary Public, State of Ohio
My Comm. Expires 10/30/2020
Recorded in Summit County

# EXHIBIT B

Ohio 4/24/20

Dear Governor DeWine and Sec of State LaRose + Ohio General Assembly

My name is Richard Duncan. I started gathering petition signatures for President as an Independent in August 2019. I stopped due to Corona about Mid-March 2020.

Many states are lowering the required signatures for candidates.

<u>Omari Faulkner for Virginia v. Virginia Dept. of Elections</u>
CL 20-1456

<u>Eric Esshaki vs ~~Gretchen~~ Whitmer</u>
2:20 CV-10831-TGB

Can we reduce Ohio's 5000 requirement to 2000?

Richard Duncan 1141 Sod Run Ave, Ohio 44002

(Email: duncan2016president@gmail.com)

(Phone: 330-968-7749)