# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**RICHARD DUNCAN**
**Plaintiff**

CASE NO.   2:20 CV 2295

JUDGE   Watson

**VS.**

**FRANK LA ROSE  et al.**

## MOTION FOR AN EMERGENCY PRELIMINARY INJUNCTION

**Defendant**

Richard Duncan hereby respectfully requests an immediate Preliminary Injunction. The basis for this is set forth in the attached Memorandum in Support explaining the grounds with citation of authorities relied upon... If an evidential hearing is needed please schedule such.

Respectfully submitted,

Richard Duncan

Richard Duncan  Plaintiff
1101 East Blvd. Aurora, Ohio 44202

SERVICE

A copy of the foregoing was served on the defendants this _____ 27ᵀᴴ _____ day of May 2020 by first class mail at the following addresses.;   Frank La Rose- 22 North 4ᵗʰ Street, Columbus, Ohio 43215; Governor DeWine Riffe Center 30ᵗʰ Floor, 77 South High, Columbus, Ohio 43215; Ohio General Assembly, Ohio State House, 1 Capital Square, Columbus, Ohio 43215.

Richard Duncan    Richard Duncan

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RICHARD DUNCAN  PLAINTIFF          JUDGE WATSON

             VS.                  CASE NO 2:20 cv 2295

FRANK LAROSE  ET AL.  DEFENDANTS

## MEMORANDUM IN SUPPORT OF MOTION

The Plaintiff respectfully moves the Court for a preliminary injunction prohibiting

the defendants from enforcing Ohio's signature requirements for Independent Presidential

candidates in light of the current public health emergency caused by the novel coronavirus.

BACKGROUND.

1. Richard Duncan has been an Independent Presidential candidate on Ohio's ballot in the

2008, 2012 and 2016 elections.  He met the modicum of support requirement each time

by gathering over 5000 signatures, per ORC 3513.257.

2.  On or about July 31st 2019 he began to collect signatures for the 2020 election.

3.  On or about mid March 2020, President Trump and Governor DeWine started daily

briefings in regards to stay at home orders, social distancing and the health risks of

close contact with other people due to the covid-19 pandemic.

4.  Honorable Judge Edmund Sargus Jr. of this Court has set forth on page 10 of his Order

a complete list of orders and declarations the government officials have announced; see

Case no. 2:20-cv-2129 Thompson v. Dewine.

5.  The State of Ohio even postponed its primary election day for Republicans and

Democrats so as to avoid in person voting and to allow for mail in ballots.

6.  In Duncan's signature gathering process, he gets very close to his signers, and "looks over their shoulders" to make sure the signing is legible and often asks for a printing of the information.

7.  Duncan is the only signature collector in his campaign  for reasons he states in his lawsuit filed in this Court.  The case was 2:13 cv 1157 with Honorable Judge Marbely, in which the 6th Circuit affirmed his decision.

8.  As Duncan began to receive negative comments in regards to getting signatures during the pandemic, he chose to halt such on or about March 13, 2020.

9.  After he returned from vacation on April 5th,  he did not resume his plan to get signatures during April and up to July 30th due to the obvious health hazard and govern- ment orders.   Thus he was deprived of 4 months of time to collect signatures.

10.  I called the Ohio Secretary of State to ask them if they could ease the 5000 signatures requirement and they refused.  I also wrote letters to all the defendants to no avail. (See Exhibit B of Duncan's complaint).

ARGUMENT AND LEGAL STANDARD

When a district Court is asked to issue a preliminary injunction...it balances four

factors(see Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). These factors

and Duncan's argument in support will be set forth below.

1. PLAINTIFFS LIKELIHOOD OF SUCCESS ON THE MERITS

Judge Sargus in the recent case of Thompson v. Dewine (2:20 -cv- 2129) stated as

follows at page 17;

> "The Sixth Circuit, whose decisions bind this Court, agreed with the district
> court that under Anderson-Burdick, 'the combination of the State's strict
> enforcement of the ballot access provisions and the stay at home orders
> imposed a severe burden on the plaintiffs' ballot access so strict scrutiny
> applied, and even assuming that the State's interest(support) is compelling,
> the provisions are not narrowly tailored to the present circumstances'".

Duncan thus believes the Esshaki v. Whitner case, which is the focus of the appeal

referred to above, provides the guideposts for a decision herein. The corona

pandemic is worldwide and it cut short the signature gathering time for Duncan by

4 months( as it also affected candidates in Michigan. Thus it will be incumbent on

the State of Ohio to prove that it's interest in enforcing the 5000 signatures is narrowly

tailored to these never before experienced Corona virus times. As Duncan believes

the State of Ohio will be unable to do so, he believes he will likely be successful on the

merits. More will be set forth on this below.

Judge Sargus in the Thompson case mentioned above further went on to say

"It is not uncommon for courts to grant relief in the aftermath of natural disasters
based on states' continued enforcement of election regulations", citing Florida
Democratic Party v. Scott, 215 F. Supp. 3D 1250 in reference to Hurricane Matthew.

Judge Sargus on page 23 of the ruling states that "the state action has pulled the rug out

from under their ability to collect signatures".

Page 4

## 2. DUNCAN WILL SUFFER IRREPARABLE HARM

As Judge Sargus quoted above, the Corona conditions and Ohio's orders have imposed

a severe burden on the Plaintiff's ballot access.    On page 26 he stated

"Ohioans have been directed to maintain social distancing, staying at least six
feet apart from each other, and to wear masks or facial coverings.  The wet
signature and witness requirements require circulators to go into the public and
collect signatures in person.  But the close, person-to-person contacts required
for in person signature gathering have been strongly discouraged-if not prohibited-
for several months because of the ongoing public health crisis, and likely pose
a danger to the health of the circulators  and the signers."

The U.S. Supreme Court in the case of Elrod v.Burns, 427 U.S. 347, 373 (1976) stated as

follows as to these types of election interferences;

"Harms that touch upon the constitutional and statutory rights of political parties,
candidates, and voters are generally not compensable by money damages and are
therefore considered irreparable"

Thus, it is clear Duncan will suffer irreparable harm, and he meets this factor.

It was stated under oath in Duncan's Declaration Exhibit A of his Complaint that he

collected signatures 3 times a week from August 2019 until mid- March 2020.

…....….............….…...................…...........….…........................…................…............page 5.

FACTORS 3 AND 4-  SUBSTANTIAL  HARM TO OTHERS AND PUBLIC INTEREST.

The remaining 2 factors merge when the government is the opposing party, as state by

Judge Sargus, in the Thompson decision at page 35.   As noted Ohio has yet stated

any harm to anyone if Duncan gets on the ballot.   In fact, he has been so 3 times before.

Also, it is clear a preliminary injunction would serve the public interest.   It is law that

"It is always in the public interest to prevent the violation of a party's constitutional
rights" (Lobby Stores, Inc. v. Sebelius, 723 F 3d 1114, 1145).

If Duncan does not qualify for the November ballot, voters choices will be limited and some

may have no choice at all.  (see the case of Purcell v. Gonzales, 549 U.S. 1, 4 (2006) where

it states the public undoubtably has a vital interest in a broad selection of candidates

as well as the conduct of free, fair and constitutional elections).

Also,  as Judge Sargus stated in Thompson, "conversely, it is not in the public's

interest to require Plaintiffs to go out into the public and risk their health and the

public's health to collect signatures in person from voters" page 36.

## CONCLUSION

The Supreme Court in Anderson v. Celebreeze 460 U.S. 780 at 789 setforth that

Courts must apply a balancing test as follows;
"First a court must evaluate the character and magnitude of the asserted  injury to rights protected by the First and Fourteenth Amendments.    Second, it must identify the interests advanced by the state as justifications for the burdens imposed by the rules. Third, it must evaluate the legitimacy and strength of each asserted state interests and determine the extent to which those interests necessitate the burdening of the plaintiffs' rights".

Due to ORC 3513.257's  rigid requirements of gathering 5000 signatures within a years time in tandem with the Governor's orders in regards to Covid -19, it is clear that in these extraordinary times it is virtually impossible for Duncan to continue his face to face wet ink strategy beyond his March 13th, 2020 date he stopped gathering signatures.  Thus, he 1. risks not recouping his investment, 2. has his constitutional rights  of free speech, assembly and petitioning grievances  on his Presidential platform violated, and 3. other voters rights are violated when they expect to see Duncan's name on the ballot and do not.

Secondly, Ohio has yet to set forth why they could not grant  Duncan's request to reduce the 5000  requirement.  Duncan has repeatedly shown he has a support of voters to qualify for the ballot.    Many Federal Courts have agreed that  in this world stunning time of Covid-19, it is justified, and that rigid adherence to election laws flys in the face of candidates and voters!   These times require a narrowly drawn advancement of state interest of compelling importance.  Ohio will not be able to prove such, and therefore a preliminary injunction prohibiting  Ohio from enforcing its signature requirements in combination with the Corona virus is warranted and respectfully requested.

Duncan requests a hearing to present evidence if needed.

Respectfully submitted and requested,

RICHARD DUNCAN
Plaintiff
1101 East Blvd  Aurora, Ohio 44202

SERVICE
A copy of this Motion has been served on Defendants Attorney's Halli Brownfield Watson

and Heather Buchanan  at 30 East Broad Street, 16th Floor, Columbus, Ohio    43215

this ___27th___ day of May 2020   by first class mail.

RICHARD DUNCAN