IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| RICHARD DUNCAN, | |
| Plaintiff, | CASE NO: 2:20-cv-02295 |
| v. | JUDGE MICHAEL H. WATSON |
| FRANK LaROSE, in his official capacity As Secretary of State of Ohio, et al. | MAGISTRATE JUDGE DEAVERS |
| Defendants | |

## MOTION TO DISMISS OF DEFEDANT OHIO GENERAL ASSEMBLY

Pursuant to Federal Rules of Civil Procedure 12(B)(1) and (6), Defendant Ohio General Assembly respectfully move this Court to dismiss Plaintiff's claims against it. For the reasons explained in greater detail in the attached memorandum in support, this court lacks jurisdiction over Plaintiff's claims against the General Assembly. These claims also fail as a matter of law.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Halli Brownfield Watson*
HALLI BROWNFIELD WATSON (0082466)
HEATHER BUCHANAN (0083032)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872; Fax: 614-728-7592
halli.watson@ohioattorneygeneral.gov
heather.buchanan@ohioattorneygeneral.gov

*Counsel for Defendant Ohio General Assembly*

**MEMORANDUM IN SUPPORT**

I.     **Introduction**

Plaintiff Richard Duncan seeks to have his name on the November 2020 general election ballot as an independent presidential candidate. He is challenging the application of Ohio's statutory signature requirements for ballot access during the current COVID-19 pandemic.  In summary, Plaintiff claims that he has been unable to collect the required number of signatures to have his name on the general election ballot because of the pandemic and stay-at-home orders.  Plaintiff alleges that enforcement of Ohio's election laws during the COVID-19 pandemic violates his free speech and associational rights under the First Amendment and his right to equal protection under the Fourteenth Amendment.  Plaintiff sues Ohio Governor Mike DeWine, Ohio Secretary of State Frank LaRose, and the Ohio General Assembly, seeking declaratory and injunctive relief, because these Defendants have refused to relax the signature requirement.

Plaintiff wrongly names the General Assembly as a party to this action.  Plaintiff has named the General Assembly because it has not amended statutory law as he has requested.  The General Assembly is entitled to absolute immunity from liability for its legislative activity.  It is also entitled to Eleventh Amendment immunity.  In addition, Plaintiff's allegation that the General Assembly has not amended laws pursuant to his request does not state a claim.  For these reasons, as addressed more fully below, the Court should dismiss Plaintiff's claims against the General Assembly.

II.     **Plaintiff's allegations against the General Assembly.**

Plaintiff's allegations against the General Assembly are sparse.  He alleges that he "has reached out in a letter to the Ohio Secretary of State, the Governor and the Ohio General Assembly to reduce the number of signatures needed" and that "[a]s of this date of filing all statutory requirements remain in place as they have refused to do so." Compl. at ¶ 20, PageID

#5. Exhibit B to the Complaint is a letter requesting that the number of required signatures be reduced to 2,000 from the current requirement of 5,000. *Id.* at PageID # 12. Other than this request, Plaintiff makes no allegations connecting the General Assembly to his claims.

III.  **Motion to Dismiss Standard**

The General Assembly brings this motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). The plaintiff bears the burden of demonstrating that jurisdiction exists. *Id.* at 760.

Rule 12(b)(6) provides for dismissal based on failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Strayhorn v. Wyeth Pharm., Inc.*, 737 F.3d 378, 387 (6th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash0croft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss under Rule 12(b)(6), the Court "must accept all of Plaintiffs' well-pleaded factual allegations as true and construe them in a light most favorable to Plaintiffs." *Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 463-64 (6th Cir. 2013). The Court, however, need not accept "legal conclusions or unwarranted factual inferences," and "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations omitted). "[F]actual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

2

IV.    **Law and Argument**

    A.    **Plaintiff's claims against the General Assembly are barred.**

Plaintiff purports to sue the General Assembly for not reducing the number of signatures an independent candidate must gather to obtain ballot access. In sum, Plaintiff is suing the General Assembly for not amending statutory law as he has requested. This claim is barred both by the legislative and Eleventh Amendment immunities.

The Sixth Circuit has concluded that "[s]tate legislators are entitled to absolute immunity from liability for actions taken in their legislative capacities." *Bradley v. Mallory*, 871 F.2d 1087, 1989 U.S. App. LEXIS 2151, at *1 (6th Cir. 1989), citing *Tenney v. Brandhove*, 341 U.S. 367 (1951). In *Bradley*, inmates sued the General Assembly alleging that certain Ohio statutes were unconstitutional. The Sixth Circuit concluded that "the defendants are entitled to immunity." *Id.* at *2. The same conclusion applies here. Plaintiff's allegation that General Assembly has not changed Ohio law pursuant to his request seeks to impose liability against the General Assembly for its legislative conduct.

In addition, the General Assembly is entitled to Eleventh Amendment immunity. Under the Eleventh Amendment, this Court is without subject matter jurisdiction to adjudicate Plaintiff's claims against the State and its departments. Eleventh Amendment immunity is "far reaching" and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Dep't of Treasury, Revenue Div.,* 987 F.2d 376, 381 (6th Cir. 1993), citing *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01 (1984). Such immunity applies unless a state has consented to suit or Congress has clearly expressed its intent to abrogate immunity. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). The General Assembly does not consent to suit in this case, and Plaintiff fails to identify any way in which Congress has abrogated sovereign immunity relevant

3

to his claims. *See Cartwright*, 751 F.3d at 760 (placing the burden on plaintiff to prove jurisdiction). Indeed, the Supreme Court has explicitly stated that there is no exception to Eleventh Amendment immunity for claims brought under 42 U.S.C.A. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.").

Because Eleventh Amendment immunity has not been abrogated here, and the General Assembly is entitled to absolute legislative immunity, Plaintiff's claims against the General Assembly should be dismissed.

### B. Plaintiff fails to state a claim against the General Assembly.

Even if this Court had jurisdiction (which it does not), Plaintiff's complaint fails to state a claim against the General Assembly. Plaintiff alleges that the General Assembly is liable under 42 U.S.C.A. § 1983 for depriving him of federal constitutional rights. Compl. at ¶ 30, PageID #7. This claim fails. In *Bradley,* the Sixth Circuit concluded that a lawsuit against the General Assembly alleging that Ohio statutes were unconstitutional failed to state a claim. *Id.* at *2. "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Dean v. Byerley*, 354 F.3d 540, 546 (6th Cir. 2004). Because there is no federal right to have a state legislature enact particular legislation, Plaintiff has no claim against the General Assembly. Indeed, "[p]rinciples of separation of powers and federalism prevent the court from requiring a local legislative body to draft and enact particular legislation." *Ctr. for Powell Crossing, LLC v. City of Powell*, 173 F. Supp. 3d 639, 685 (S.D. Ohio 2016). Because Plaintiff alleges no facts to show that he has been deprived of a constitutionally protected right by the General Assembly, his Complaint fails to state a claim against it and must be dismissed.

## V. Conclusion

For the foregoing reasons, Defendant Ohio General Assembly respectfully requests that this Court dismiss Plaintiff's claims against it.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Halli Brownfield Watson*
HALLI BROWNFIELD WATSON (0082466)
HEATHER BUCHANAN (0083032)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872; Fax: 614-728-7592
halli.watson@ohioattorneygeneral.gov
heather.buchanan@ohioattorneygeneral.gov

*Counsel for Defendant Ohio General Assembly*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Defendant Ohio General Assembly's Motion to Dismiss* was filed with the Court and served by regular U.S. mail, on June 2, 2020 to the following:

Richard Duncan
1101 East Blvd
Aurora, OH 44202

*Pro se Plaintiff*

/s/ *Halli Brownfield Watson*
Halli Brownfield Watson (0082466)
Assistant Attorney General