UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Richard Duncan,**

      **Plaintiff,**

      v.

**Frank LaRose, *et al.*,**

      **Defendants.**

**Case No. 2:20–cv–2295**
**Judge Michael H. Watson**
**Magistrate Judge Vascura**

## OPINION AND ORDER

Plaintiff Richard Duncan ("Plaintiff") sues Secretary of State Frank LaRose, Governor Mike DeWine, and the Ohio General Assembly (collectively "Defendants"), seeking a declaration that Ohio Revised Code Sections 3513.262 and 3513.263 unconstitutionally and unlawfully restrict his rights. Compl., ECF No. 1. One week after Plaintiff sued, he moved for "an emergency preliminary injunction." Mot., ECF No. 5. That motion was not supported by any case law or argument, so it was denied. Op. & Order, ECF No. 6. On May 29, 2020, Plaintiff once against moved for an "emergency preliminary injunction." Mot., ECF No. 13. This time, Plaintiff did explain the basis of his request for relief.

On June 3, 2020, the Court held a telephone conference with the parties and allowed Plaintiff an opportunity to provide any additional information to the Court that may not have been contained in his motion. After hearing from the parties, the Court orally denied Plaintiff's motion. In doing so, the Court explained its understanding of Plaintiff's allegations, the results of his prior

challenges to Ohio's election laws, and the recent developments in the Sixth Circuit related to signature-gathering requirements in light of the COVID-19 pandemic. The Court issues this brief follow-up Order to provide Plaintiff with citations to the relevant case law that has guided the Court's decision.

Plaintiff has been an independent presidential candidate on Ohio's ballot in the last three presidential elections. Mot. ¶ 1, ECF No. 13. He began collecting signatures for the 2020 election on approximately July 31, 2019. *Id.* ¶ 2. As part of Plaintiff's signature-gathering process, he gets very close to signers to make sure that their signatures are legible. *Id.* ¶ 6. After Governor DeWine began daily briefings on the COVID-19 pandemic, Plaintiff started to receive negative comments about his signature gathering. *Id.* ¶ 8. He therefore decided to halt gathering signatures around March 13, 2020. Plaintiff estimates that he has been deprived of approximately four months of time to collect signatures. *Id.* ¶ 9. Plaintiff asserts that the state's signature requirement, in combination with his inability to safely gather signatures in light of COVID-19, violates his constitutional rights. *Id.* at 3.

Before the COVID-19 pandemic, Plaintiff challenged Ohio's one-year time limit for collecting signatures imposed by Ohio Revised Code Section 3513.263. This Court denied his motion for preliminary injunction in that case and later granted the Secretary of State's motion for summary judgment. *Duncan v. Husted*, 125 F. Supp. 3d 674 (S.D. Ohio 2015), *aff'd* 6th Cir. No. 15-4017 (Mar. 7, 2016) (finding that the challenged statute imposed a reasonable burden both

on its face and as applied to Plaintiff). Therefore, Plaintiff's current challenge to the signature-gathering requirements must rely on something more than a facial challenge to the statute.[1]

Duncan argues that COVID-19 changes the constitutional calculus such that he is entitled to relief. For a time, this argument appeared to have legs in the Sixth Circuit. In *Esshaki v. Whitmer*, No. 20-1336, 2020 U.S. App. LEXIS 14376 (6th Cir. May 5, 2020), the Sixth Circuit upheld "the core" of an injunction, which enjoined Michigan from enforcing two ballot-access provisions. *Id.* at *1. The Sixth Circuit found that "[t]he district court correctly determined that the combination of the State's strict enforcement of the ballot-access provisions and the Stay-at-Home Orders imposed a severe burden on the plaintiffs' ballot access, so strict scrutiny applied, and . . . the provisions are not narrowly tailored *to the present circumstances*." *Id.* at *3 (emphasis in original).

The Sixth Circuit's reasoning in *Esshaki* has already been applied by this Court to grant injunctive relief in a case challenging Ohio's initiative petition signature requirements in light of COVID-19. *Thompson v. DeWine*, No. 2:20-cv-

---

[1] In determining whether to grant Plaintiff injunctive relief, the Court considers four factors: (1) whether the movant has established a substantial probability of success on the merits; (2) whether the movant would suffer irreparable harm in the absence of an injunction; (3) whether an injunction would substantially harm third parties; and (4) whether an injunction would serve the public interest. *Winnett v. Caterpillar, Inc.*, 609 F.3d 404, 408 (6th Cir. 2010). The factors are not prerequisites; rather, they must be balanced in weighing the equities involved. *Capobianco, D.C. v. Summers*, 377 F.3d 559, 561 (6th Cir. 2004).

2129, 2020 U.S. Dist. LEXIS 87773 (S.D. Ohio May 19, 2020).  The Court found "that in these unique historical circumstances of a global pandemic and the impact of Ohio's Stay-at-Home Orders, the State's strict enforcement of the signature requirements for local initiatives and constitutional amendments severely burden[ed] Plaintiffs' First Amendment rights as applied here."  *Id.* at *39.

The Sixth Circuit, however, sees things differently in Ohio than it did in Michigan.  In staying the preliminary injunction in *Thompson v. DeWine*, the Sixth Circuit found several key differences between Michigan and Ohio when it comes to signature gathering in the age of COVID-19.  *Thompson v. DeWine*, No. 20-3526, 2020 U.S. App. LEXIS 16650, *8 (6th Cir. May 26, 2020).  Chief among these differences is the text of Ohio's stay-at-home order, which "specifically exempted conduct protected by the First Amendment."  *Id.* at *9.  Michigan had no such exemption in the language of its order.  But also, Ohio is beginning to lift its stay-at-home restrictions.  *Id.* at *10.  In *Esshaki*, the stay-at-home order remained in effect through the deadline to submit ballot-access petitions.  *Id.* at *11.

The Sixth Circuit summarized the plaintiffs' claims in *Thompson* as "effectively boil[ing] down to frustration over failing to procure as many signatures for their petitions (because of social distancing and reduced public crowds) as they would without the pandemic."  *Id.*  The same could be said in this case.  In any event, the Sixth Circuit found that Ohio's "initiative requirements cannot be

severe," and "the State's compelling and well-established interests in administering its ballot initiative regulations outweigh the intermediate burden those regulations place on Plaintiffs." *Id.* at **12, 14.

While *Thompson* involves initiative petitions as opposed to Plaintiff's desire to be placed on the presidential ballot, the Court sees no basis to distinguish this case from the reasoning in *Thompson*. Plaintiff has offered no such distinctions. Therefore, the Court finds that Plaintiff is not likely to succeed on the merits of his claims. "When a party seeks a preliminary injunction on the basis of the potential violation of the First Amendment, the likelihood of success on the merits often will be the determinative factor." *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 412 (6th Cir. 2014) (quoting *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998)). But here, the remaining three factors favor Defendants for the same reasons the Sixth Circuit explained in *Thompson*. 2020 U.S. App. LEXIS 16650, **14–15. Plaintiff's motion for an "emergency preliminary injunction," ECF No. 13, is **DENIED**.

    **IT IS SO ORDERED.**

                                              */s/ Michael H. Watson*_____
                                              **MICHAEL H. WATSON, JUDGE**
                                              **UNITED STATES DISTRICT COURT**