IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| **RICHARD DUNCAN,** | |
| **Plaintiff,** | **CASE NO: 2:20-cv-02295** |
| v. | **JUDGE MICHAEL H. WATSON** |
| **FRANK LaROSE, in his official capacity**<br>      As Secretary of State of Ohio, et al. | **MAGISTRATE JUDGE DEAVERS** |
| **Defendants** | |

### MOTION TO DISMISS OF DEFEDANT OHIO GOVERNOR MIKE DeWINE

Pursuant to Federal Rule of Civil Procedure 12(B)(6), Defendant Ohio Governor Mike DeWine respectfully moves this Court to dismiss Plaintiff's claims against him. For the reasons explained in greater detail in the attached memorandum in support, Plaintiff's claims fail as a matter of law.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Halli Brownfield Watson*
HALLI BROWNFIELD WATSON (0082466)
HEATHER BUCHANAN (0083032)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872; Fax: 614-728-7592
halli.watson@ohioattorneygeneral.gov
heather.buchanan@ohioattorneygeneral.gov

*Counsel for Defendant Ohio Governor Mike DeWine*

**MEMORANDUM IN SUPPORT**

I.       **Introduction and Plaintiff's allegations against Governor DeWine.**

Plaintiff Richard Duncan seeks to have his name on the November 2020 general election ballot as an independent presidential candidate. He is challenging the application of Ohio's statutory signature requirements for ballot access during the current COVID-19 pandemic. In summary, Plaintiff claims that he has been unable to collect the required number of signatures to have his name on the general election ballot because of the pandemic and stay-at-home orders. Plaintiff alleges that enforcement of Ohio's election laws during the COVID-19 pandemic violates his free speech and associational rights under the First Amendment and his right to equal protection under the Fourteenth Amendment. Plaintiff sues Ohio Governor Mike DeWine, Ohio Secretary of State Frank LaRose, and the Ohio General Assembly, seeking declaratory and injunctive relief.

Plaintiff wrongly names Governor DeWine as a party to this action. Plaintiff's claims against Governor DeWine are premised on the incorrect notions that Governor DeWine issued the stay-at-home orders and that those orders prohibited him from continuing his signature gathering efforts. He alleges that "Ohio's ballot access procedure, in combination with Governor DeWines (*sic.*) recent orders on the Covid 19 virus violates rights guaranteed to him by the 1st and 14th Amendments to the U.S. Constitution." Doc. 1, Compl., PageID # 1-2. According to the Complaint, Plaintiff stopped gathering signatures mid-March of this year because of "comments from voters that it is not safe to be touching pens, etc. and being too close, and from Governor DeWine's and President Trump's orders on the Covid 19 virus." *Id.* at ¶ 19, PageID # 5. He alleges that he has collected "a substantial number" of signatures, but not enough to obtain ballot access. *Id.* at ¶ 14, PageID # 4. According to Plaintiff,

1

"Governor DeWine's orders have made it impossible for candidates to safely obtain the required number of signatures by August 5th 2020." *Id*. at ¶ 23, PageID # 5.  He incorrectly alleges that the stay-at-home orders "do not create an exception for political candidates." *Id*. at ¶ 20, PageID # 5.

Plaintiff's allegation that Governor DeWine issued the stay-at-home orders is simply wrong.  All orders imposing limitations on certain activity such as public gatherings, maintaining a distance of six feet, and staying at home, were issued by Ohio Department of Health Director Dr. Amy Acton, pursuant to her authority under R.C. 3701.13 to "make special or standing orders or rules . . . for preventing the spread of contagious or infectious diseases." *See, e.g.*, "Order to Limit and/or Prohibit Mass Gatherings in the State of Ohio," https://coronavirus.ohio.gov/static/publicorders/Director-of-Health-Gatherings-Order.pdf (last accessed June 3, 2020).  Indeed, all of Dr. Acton's orders are prefaced with the following statement of authority: "I, Amy Acton, MD, MPH, Director of the Ohio Department of Health (ODC), pursuant to the authority granted to me in R.C. 3701.13 'to make special orders. . . for preventing the spread of contagious or infectious diseases' Order the following. . ." *Id*.

The motion to dismiss filed by the Secretary of State outlines these orders.  Doc. 14, Secretary of State's Mot. to Dismiss, PageID # 49-51.  As explained more fully in that motion, all of these orders provided exceptions for First Amendment protected activities, like Plaintiff's signature gathering.  *Id*.  Thus, none of the Director's orders have prevented Plaintiff from gathering signatures for his nominating petition.  *Id. See also Thompson v. DeWine,* No. 20-3526, 2020 U.S. App. LEXIS 16650, at *9 (6th Cir. May 26, 2020).

In short, Plaintiff's only allegations against the Governor are simply wrong and there is no claim against him. For these reasons and those explained more fully below, this Court should dismiss Plaintiff's claims against Governor DeWine.

## II. Law and Argument.

### A. Motion to dismiss standard.

Rule 12(b)(6) provides for dismissal based on failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must allege sufficient facts that, accepted as true, 'state a claim to relief that is plausible on its face.'" *Strayhorn v. Wyeth Pharm., Inc.*, 737 F.3d 378, 387 (6th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss under Rule 12(b)(6), the Court "must accept all of Plaintiffs' well-pleaded factual allegations as true and construe them in a light most favorable to Plaintiffs." *Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 463-64 (6th Cir. 2013). The Court, however, need not accept "legal conclusions or unwarranted factual inferences," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. (quotations omitted). "[F]actual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

3

### B. Plaintiff's claims against Governor DeWine fail as a matter of law.

Because Plaintiff's allegations against Governor DeWine are simply wrong as shown by public records, Governor DeWine should be dismissed. As explained above, Plaintiff generally complains about Governor DeWine's orders and contends they prohibited him from collecting signatures. *See, e.g.,* Doc. 1, ¶¶ 19, 20, 24, 31, PageID # 5-7. But, as explained above, those orders were not issued by Governor DeWine and they did not prohibit his signature collection efforts. These orders, while not attached to Plaintiff's Complaint, may be considered on a motion to dismiss because they are public records, are referred to in the Complaint, and are central to Plaintiff's claims. *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."); *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007) ("A court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment."). "If allegations in the Complaint are contradicted by public records or other evidentiary materials of which the court may take judicial notice, the court is not bound to accept those allegations as true." *Price v. O'Donnell,* No. 18-cv-13078, 2019 U.S. Dist. LEXIS 179887, *14 (E.D.Mich. Sep. 27, 2019), citing *Michigan Millers Mut. Ins. Co. v. Travelers Indem. Co. of Connecticut*, No. 16-11767, 2016 U.S. Dist. LEXIS 168151, 2016 WL 7100539, at *5 (E.D.Mich. Dec. 6, 2016). Because Plaintiff's allegations against the Governor are wrong as shown by public records, Governor DeWine should be dismissed.

Because Governor DeWine is not a proper party, he should be dismissed on that basis alone. But Plaintiff's claims against the Governor fail for the additional reason that he does not request any relief related to the stay-at-home orders (assuming *arguendo* that they were issued by the Governor). *See generally* Doc. 1., Prayer for Relief, PageID # 8. To the extent his claims against Governor DeWine are premised on the idea that Governor DeWine issued the stay-at-home orders, Plaintiff is not even asking for any relief from them. Nor could he, as the stay-at-home order was rescinded on May 20, 2020. "Director's Order that Rescinds and Modifies Portions of the Stay Safe Ohio Order," https://coronavirus.ohio.gov/static/publicorders/Stay-Safe-Partial-Rescission.pdf (last accessed June 3, 2020). A case that has become moot due to the occurrence of some event fails to satisfy the case or controversy requirement of Article III. U.S. Const. Art. III, § 2; *North Carolina v. Rice,* 404 U.S. 244, 246 (1971); *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir.1986). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *UAW v. Dana Corp.*, 697 F.2d 718, 720-21 (6th Cir. 1983) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Here, Plaintiff no longer has a "legally cognizable interest" in relief related to the stay-at-home orders because they have been rescinded. Therefore, any claim against those orders is moot.

Finally, Plaintiff's claims fail for other reasons as well. The Secretary of State's Motion to Dismiss argues that Plaintiff's claims fail for the additional reasons that Plaintiff lacks standing, this Court cannot grant the requested relief, his alleged injury is not caused by any state action, and that his claims that Ohio's ballot access laws are unconstitutional in light of the pandemic and that his equal protection rights have been violated fail as a matter of law.

Doc. 14, PageID # 55-61.  The Governor incorporates those arguments herein by reference.

### III.     Conclusion.

For the foregoing reasons, Defendant Ohio Governor Mike DeWine respectfully requests that this Court dismiss Plaintiff's claims against him.

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

*/s/ Halli Brownfield Watson*
HALLI BROWNFIELD WATSON (0082466)
HEATHER BUCHANAN (0083032)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872; Fax: 614-728-7592
halli.watson@ohioattorneygeneral.gov
heather.buchanan@ohioattorneygeneral.gov

*Counsel for Defendant Ohio Governor Mike DeWine*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Defendant's Motion to Dismiss* was filed with the Court and served by regular U.S. mail and electronic mail, on June 8, 2020 to the following:

Richard Duncan
1101 East Blvd
Aurora, OH 44202
duncan2016president@gmail.com
*Pro se Plaintiff*

*/s/ Halli Brownfield Watson*
HALLI BROWNFIELD WATSON (0082466)
Assistant Attorney General