FILED
RICHARD W. NAGEL
CLERK OF COURT

2020 JUN 12 PM 1: 15

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

RICHARD DUNCAN
  Plaintiff

CASE NO: 2:20-CV-02295

JUDGE WATSON

VS.

FRANK LAROSE ET. AL
  Defendant

## BRIEF IN OPPOSITION TO MOTION TO DISMISS

In order to qualify for the ballot in November 2020 for President, Richard Duncan needs 5000 verified registered voters to sign his petition within a one year time frame. Three (3) main elements are involved herein. First, he needs to go to the pool of registered voters who live within the State of Ohio. Usually, finding voters in public is normally not a problem. Secondly, he must witness at least 5000 of them signing his petition. Thirdly, such must be done within a one year time frame.

  Obviously, the Covid 19 pandemic brought on extraordinary times which prompted the government of Ohio to enact laws. The Secretary of State LaRose claims that none of these laws or orders harmed Duncan's campaign. LaRose claims Covid 19 harmed him, not the State, as they slapped labels on each law exempting Duncan from complying with any law so he could keep gathering signatures. This is in itself an issue of fact that this court must decide at trial. Duncan has asked Halli Brownfield for precise details on this to which she has yet to provide....Mark Brown in his Brief submitted to the US Supreme Court asking Justice Sotomayer to vacate a stay claims this was "a litigation tactic to moot" his case.

Page 2

The ridiculousness of such a claim is like saying Hurricane Matthew caused the voting issues in the case of Florida Democratic Party v. Scott 215 F. Supp 3d 1250, and that the government response was faultless!  Clearly, a factual investigation and ruling is in need to warrant this motion's denial.

First of all, Duncan fears infecting others or getting infected if he continues to gather signatures.  Secondly, Duncan believes the 5 orders of Amy Acton negatively impacted the 1st element of the 3 aforementioned elements.  The pool of registered voters in public has shrank dramatically, and scared voters away from signing petitions or speaking to strangers.  Among the many prohibited activities ordered by Amy Acton and Mike Dewine are as follows;
-keeping 6 feet from all voters;                                                      - limiting large numbers of voters from congregating together;
-voters must stay at home unless for essential needs.

Thus it is obvious that Duncan's campaign has been hampered by these orders by limiting the number of voters who are traditionally out and about . Furthermore, not being able to get within 6 feet to witness signatures, voids the signing.  Also talking from a distance wearing a mask ruins the personal nature required to have someone give you their home address!   When Duncan went out 3 times a week over his August and September field trips, he expected and found masses of voters at County and street fairs and festivals, concerts and pro baseball games. During October and November, he found voters at football games.  Between the holidays, he found voters in stores shopping where they were often 2 foot apart.. When he planned to resume in April he planned on pro baseball games and returning to parking lots. The final June and

July months, Duncan planned on going to several county fairs, etc. Obviously, since mid march the orders reduced the pool of voters out and about to about 10-20 percent in normal times, which has dramatically increased Duncan's burden in regards to this first element. Similarly, if the legislature adjusts the signatures to 10,000, or reduces the time frame to 6 months, a similar burden occurs. Thus, a trial is needed to measure the new burden imposed by Amy Acton's new laws.

LaRose says the case must be dismissed as Duncan's burden isn't severe enough to exclude or virtually exclude him from the ballot(as was argued in the Thompson case). Even if this is true, Duncan does have a triable fact for trial as to whether he meets the intermediate test. (this is not an injunction matter).

INTERMEDIATE TEST/MODERATE BURDEN TEST

As Judge Sargus stated in Thompson "regulations falling somewhere in between ie. regulations that impose a more than minimal but less than severe burden- require a a flexible analysis, weighing the burden on the Plaintiffs against the state's asserted interest and chosen means of pursuing it"(Anderson/Burdick test). Here in this case, Duncan will be able to prove at trial that his extra burden from the Corona orders of the state, outweighs any interest the state can show to justify not relaxing the 5000 signature requirement. It is expected they will set forth the modicum of support argument. However, it will mean little as Duncan has met this 5000 requirement for 3 straight Presidential elections.

EQUAL PROTECTION

Duncan set forth his reasoning in support of this claim in his Complaint and Declaration. The State "broke their neck" to get their primary nomination safely done, but will not budge an inch to have an independent candidate do it safely. These facts also need be decided.

THE COURT CAN'T GRANT DUNCAN'S RELIEF

They argue that this court can't specifically tell the State what to reset their laws to be. Even if this is true, the Court can rule the existing laws as applied unconstitutional, and admonish them to promulgate a valid law. Duncan in his relief, asked the court to order other relief as it deems fit, in addition to a declaratory judgement.

CONCLUSION

For the reasons stated herein, Duncan's Complaint easily shows sufficient facts that states a claim for relief that is plausible on its face. Many triable issues must be decided, to warrant this motion's denial. Respectfully submitted and requested, See attached

_/s/ Richard Duncan_
Richard Duncan  1101 East Blvd
Aurora, Ohio 44202    Plaintiff

SERVICE
A copy of this Brief has been served on Halli Watson this __10th__ day of June 2020 by first class mail at the address of 30 east Broad Street, 16th Floor, Columbus, Ohio 43215.  defendants attorney

_/s/ Richard Duncan_  Richard Duncan