## Fwd: mtd deny lee fla case

**richards duncan** <duncan2016president@gmail.com>
Tue 6/9/2020 9:14 PM
**To:** ods06589cpc <ods06589cpc@OfficeDepot.com>

---------- Forwarded message ---------
From: **richards duncan** <duncan2016president@gmail.com>
Date: Tue, Jun 9, 2020 at 8:21 PM
Subject: mtd deny lee fla case
To: richards duncan <duncan2016president@gmail.com>

IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION INDEPENDENT PARTY OF FLORIDA, and PARTY FOR SOCIALISM AND LIBERATION, Plaintiffs, v. Case No. 4:20cv110-MW/MAF LAUREL M. LEE, Florida Secretary of State, in her official capacity, Defendant. _____/ ORDER DENYING DEFENDANT'S MOTION TO DISMISS Plaintiffs challenge the application of section 103.021(4), Florida Statutes ("Ballot Access Statute"), to keep their candidates for President and Vice President from being listed on Florida's November 2020 general election ballot. Plaintiffs claim the Ballot Access Statute violates their First and Fourteenth Amendment rights to association, free speech, political activity, and their respective members' rights to vote for the candidates of their choice because neither the affiliation method nor the petitions signed by one percent of the state electors method is narrowly tailored to further a legitimate state interest. Plaintiffs also claim the Ballot Access Statute violates the Equal Protection Clause because it discriminates amongst minor parties Case 4:20-cv-00110-MW-MAF Document 37 Filed 06/08/20 Page 1 of 2 2 by treating minor parties that are not affiliated with a national party differently than minor parties that are affiliated with a national party, and affiliation with a national party is not rationally related to any legitimate state interest in regulating access to the Presidential ballot. Secretary Lee moves to dismiss arguing, among other things, that 1) the Eleventh Circuit has already upheld the one percent petition threshold as well as a more onerous three percent petition threshold, and 2) the affiliation alternative is rationally related to a legitimate state interest. The Eleventh Circuit has flatly rejected the use of a "litmus-paper test" approach in determining whether petition requirements pass constitutional muster. Stated otherwise, the determination of whether such a statutory scheme imposes a sever burden rendering it constitutionally impaired is a fact-intensive inquiry. Plaintiffs have plausibly alleged the Ballot Access Statute imposes a severe burden and the Eleventh Circuit has not previously upheld the precise statutory scheme at issue. Moreover, Plaintiffs have plausibly alleged the affiliation alternative is not rationally related to a legitimate state interest. For these reasons, Defendant's Motion to Dismiss, ECF No. 8, is DENIED. SO ORDERED on June 8, 2020