IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| RICHARD DUNCAN, | |
| Plaintiff, | CASE NO: 2:20-cv-02295 |
| v. | JUDGE MICHAEL H. WATSON |
| FRANK LaROSE, in his official capacity As Secretary of State of Ohio, et al. | MAGISTRATE JUDGE DEAVERS |
| Defendants | |

**REPLY IN SUPPORT OF DEFENDANT OHIO SECRETARY OF STATE'S MOTION TO DISMISS**

**I.     Introduction.**

Plaintiff Richard Duncan's Opposition to Secretary of State Frank LaRose's Motion to Dismiss (Doc. 18) fails to overcome the deficiencies in his Complaint.[1]  Ohio law governing ballot access for independent candidates has already been upheld in a previous action Plaintiff brought.  *Duncan v. Husted*, 125 F.Supp.3d 674 (S.D.Ohio 2015), *aff'd* 6th Cir. No. 15-4017 (Mar. 7, 2016). As he does in his Complaint, Plaintiff describes how the COVID-19 pandemic and various stay-at-home orders issued by the Director of the Department of Health have hindered his efforts to gather signatures for his nominating petitions.  But, the Sixth Circuit has already rejected a similar theory that the COVID-19 pandemic and those orders render

---

[1] Plaintiff has advised Defendants that he will not be opposing the Motions to Dismiss filed by Defendants General Assembly and Ohio Governor Mike DeWine.

1

otherwise constitutional ballot access laws unconstitutional. *Thompson v. DeWine*, 6th Cir. No. 20-3526, 2020 U.S. App. LEXIS 16650 (May 26, 2020).[2]

In his opposition brief, Plaintiff relies heavily on general assertions of "triable" issues of fact that preclude dismissal at this stage. But such assertions are insufficient to overcome Plaintiff's failure to state a plausible claim for relief. And, Plaintiff's assurance that he will prove at trial that COVID-19 caused an "extra burden" on his signature-gathering efforts does not overcome the dispositive holding in *Thompson*. The Sixth Circuit's recent decision in *Thompson* demands dismissal of Plaintiff's Complaint.

## II. Plaintiff's real issue is with COVID-19, not with any state action.

In his Opposition Brief Plaintiff expresses his "fears" of "infecting others or getting infected if he continues to gather signatures." Doc. 18, Opposition, p. 2, PageID # 91. He states that the stay-at-home orders "negatively impacted" his ability to gather signatures by reducing the number of people "out and about." *Id*. at pp. 2-3, PageID # 91-92. Thus, Plaintiff has alleged, as he did in his Complaint, that COVID-19 has made it difficult for him to collect signatures.

Missing from Plaintiff's Complaint and Opposition Brief are any allegations of state action causing these difficulties. From the beginning of Ohio's response to the COVID-19 virus, the Ohio Department of Health specifically carved out First Amendment speech from

---

[2] The Sixth Circuit recently denied the *Thompson* plaintiffs' petition for initial hearing en banc, petition for rehearing en banc, motion for reconsideration, and motion to vacate the stay pending appeal. *Thompson v. DeWine*, 6th Cir. No. 20-3526 (June 16, 2020) (attached as Def. Ex. A). Plaintiffs in *Thompson* filed an application to vacate the Sixth Circuit's stay in the United States Supreme Court. https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/19a1054.html (last accessed June 22, 2020). The United States Supreme Court requested a response to the application by June 22, which has been filed. *Id.*

its stay-at-home orders.  *See* Doc. 14, Motion to Dismiss, pp. 3-4, PageID # 49-50.  So, any orders requiring social distancing and staying-at-home or prohibiting gatherings of more than 10 people do not apply, and have never applied, to individuals who are gathering signatures.  *Id.*; *see also Thompson v. DeWine*, 2020 U.S. App. LEXIS 16650, *9 (6th Cir. May 26, 2020) (per curium) ("From the first Department of Health Order issued on March 12, Ohio made clear that its stay-at-home restrictions did not apply to 'gatherings for the purpose of the expression of First Amendment protected speech[]' . . . [s]o none of Ohio's pandemic response regulations changed the status quo on the activities Plaintiffs could engage in to procure signatures for their petitions.") (quoting Ohio Dep't of Health, Order to Limit and/or Prohibit Mass Gatherings in the State of Ohio ¶ 7 (March 12, 2020)).  This is not, as Plaintiff claims, "an issue of fact that this court must decide at trial." Doc. 18, p. 1, PageID # 90.  Nor is it a "litigation tactic."  *Id*.  The orders are quite clear that gathering signatures is exempted from any prohibited conduct, and Plaintiff fails to show otherwise.

Because the stay-at-home orders are not preventing, and never have prevented, Plaintiff from seeking signatures for his petition, he has failed to establish the requisite state action to support a Section 1983 claim.  *Thompson,* 2020 U.S. App. LEXIS 16650, at *12 ("First Amendment violations require state action.").  In *Thompson* the Sixth Circuit explained that "we cannot hold private citizens' decisions to stay home for their own safety against the State."  *Id.*  Thus, even if Ohioans are less inclined to engage in person-to-person interactions, it is not traceable to state action because the stay-at-home orders carve out First Amendment activities from social distancing and other restrictions.

3

Plaintiff unconvincingly relies on *Fla. Dem. Party v. Scott*, 215 F.Supp.3d 1250 (N.D. Fla. 2016), to establish state action. Doc. 18, p. 2, PageID # 91. In *Scott*, the timing of a hurricane created an emergency that resulted in over 100,000 people who were likely to register in the final week of voter registration being evacuated. 215 F.Supp.3d at 1257. This left those voters "foreclosed from the only methods of registering to vote." *Id*. The court in *Scott* found that this created a severe burden on the right to vote because some people were unable to register, and, therefore, "categorically" denied the right to vote. *Id*. Here, there is no such categorical denial. To the contrary, the stay-at-home orders expressly *permit* the activity Plaintiff seeks to do: gather signatures for his nominating petitions. Because Plaintiff's real issue is with COVID-19, not any state action, he has not alleged the requisite state action to state a claim under 42 U.S.C. § 1983.

Plaintiff also attaches an email referencing an order of the court in *Independent Party of Florida v. Lee*, N.D. Fla. Case No. 4:20cv110-MW/MAF (June 9, 2020), in apparent support his position that there are "triable issues." Doc. 18-1, p. 4, PageID # 94. According to the Plaintiff's attachment, that case denied a motion to dismiss a challenge to a Florida ballot access statute that had nothing to do with COVID-19. That case can have no bearing here as Ohio's independent ballot access scheme has already been upheld. *Duncan v. Husted, supra*.

In short, as a matter of law, COVID-19, not any state action, is the cause of Plaintiff's alleged harms. Plaintiff's arguments to the contrary fail.

**III.     Plaintiff's other arguments fail.**

Plaintiff attempts to deflect from the *Thompson* holding by stating that he has "a triable fact for trial as to whether he meets the intermediate test." Doc. 18, p. 3, PageID # 92.

Plaintiff states that he "will be able to prove at trial that his extra burden from the Corona orders of the state, outweighs any interest the state can show to justify not relaxing the 5000 signature requirement." *Id*. But, *Thomspon* has resolved the legal, not factual, issue of whether the COVID-19 pandemic and stay-at-home orders impact the constitutional analysis of the burden ballot access laws impose. They do not. *Thompson,* at *12-14. The only argument Plaintiff proffers on this point is that the State's interest in ensuring a sufficient modicum of support is somehow less significant because he has gathered the required number of signatures in the past. Doc. 92, PageID # 92. But this argument is foreclosed by Plaintiff's previous challenge. In his previous lawsuit, Plaintiff challenged the one-year time limit placed on his signature collecting efforts when there previously was no time limit. *Duncan v. Husted,* 125 F.Supp.3d 674, 687 (S.D. Ohio 2015). The previous case concluded that the time limit served the state's interest in ensuring a candidate has enough *current* support to get on the ballot. *Id.* at 687-688. The previous *Duncan* case precludes any finding that the State's interest in making sure a candidate has enough *current* support before getting on the ballot is somehow less important when a candidate gathered the required number of signatures years ago.

    *Thompson* held that federal courts lack authority to re-write election laws. 2020 U.S. App. LEXIS 16650 at *16-17. Plaintiff maintains that this Court "can rule the existing laws as applied unconstitutional, and admonish them to promulgate a valid law." Doc. 18, p. 4, PageID # 93. But Plaintiff seeks a relaxation of the 5000-signature requirement (*id*. at p. 3, PageID # 92). This is exactly the type of change to state election rules that the *Thompson*

5

court warned against.  U.S. App. LEXIS 16650 at *16-17.  Therefore, *Thompson* also bars the Plaintiff's requested relief.

Finally, Plaintiff stubbornly pursues his equal protection claim based on a comparison between independent and party candidates.  Doc. 18, PageID # 93.  But, as the Secretary has already explained, an equal protection challenge based on differences in the way independent and party candidates get on the ballot fail as a matter of law because independent and party candidates are not similarly situated.  Doc. 14, PageID # 60-61.  Plaintiff simply ignores the case law rejecting the premise of his claim.

**IV.    Because Plaintiff's Complaint fails to state a claim for relief, dismissal under Civil Rule 12(b)(6) is appropriate.**

Plaintiff's Complaint must put forth more than just factual allegations; he must make allegations which, if true, state plausible legal claims.  *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291, 295-96 (6th Cir. 1993).  Plaintiff fails to do that here.  For all of the reasons stated above and in the Secretary's Motion to Dismiss (Doc. 14), Plaintiff's claims fail as a matter of law.

The Court can apply the *Anderson/Burdick* balancing test without a trial.  *Lawrence v. Blackwell,* 430 F.3d 368, 372-75 (6th Cir. 2005), cert. den. 547 U.S. 1178 (2006) (upholding district court's decision granting a motion to dismiss plaintiffs' constitutional challenges to a statute requiring independent candidates to file nominating petitions with a minimum number of signatures before the primary election after applying *Anderson/Burdick*).  This Court and the Sixth Circuit have already upheld the constitutionality of Ohio law governing independent candidate ballot access in Plaintiff's previous litigation.  *Duncan v. Husted, supra.*  Plaintiff

contends that the COVID-19 pandemic warrants a different result in this case. But the Sixth Circuit has already rejected that theory in *Thompson*.

Here, because the Complaint fails to state a claim, it should be dismissed without further burdening the resources of the Court and the parties.

## V.     Conclusion

For all the foregoing reasons and the reasons contained in Secretary of State LaRose's motion to dismiss, the Secretary respectfully requests that this Court dismiss Plaintiff's claims against him.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

*/s/ Halli Brownfield Watson*
HALLI BROWNFIELD WATSON (0082466)
HEATHER BUCHANAN (0083032)
Assistant Attorneys General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614-466-2872 | Fax: 614-728-7592
halli.watson@ohioattorneygeneral.gov
heather.buchanan@ohioattorneygeneral.gov

*Counsel for Defendant Secretary of State Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Defendant Secretary of State Frank LaRose's Motion to Dismiss* was electronically filed and served by regular U.S. mail, on June 22, 2020 to the following:

Richard Duncan
1101 East Blvd
Aurora, OH 44202

*Pro se Plaintiff*

                                              */s/ Halli Brownfield Watson*
                                              HALLI BROWNFIELD WATSON (0082466)
                                              Assistant Attorney General