**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Richard Duncan,**

    **Plaintiff,**

    v.

**Frank LaRose, *et al.*,**

    **Defendants.**

Case No. 2:20–cv–2295
Judge Michael H. Watson
Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiff Richard Duncan ("Plaintiff") sues Secretary of State Frank LaRose ("Secretary LaRose"), Governor Mike DeWine (the "Governor"), and the Ohio General Assembly (collectively "Defendants"), seeking a declaration that Ohio Revised Code Sections 3513.262 and 3513.263 unconstitutionally and unlawfully restrict his rights.  Compl., ECF No. 1.  One week after Plaintiff sued, he moved for "an emergency preliminary injunction."  Mot., ECF No. 5.  That motion was not supported by any case law or argument, so it was denied.  Op. & Order, ECF No. 6.  On May 29, 2020, Plaintiff once against moved for an "emergency preliminary injunction."  Mot., ECF No. 13.  That motion did explain the basis of Plaintiff's request for relief, but it was also denied because clear Sixth Circuit precedent precluded injunctive relief.  ECF No. 16.

Defendants have all moved to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 14, 15, 17.  For the following reasons, Defendants' motions are **GRANTED**.

## I.  FACTUAL BACKGROUND

### A. Plaintiff's Political Activity

Plaintiff has run for the office of President of the United States in four elections since 2004.  Compl. ¶ 2, ECF No. 1.  Under Ohio election law, Plaintiff and other independent candidates are required to file signatures with the Secretary of State in order to appear on Ohio's general election ballot.  *Id.*; *see also* R.C. § 3513.257.  These signatures must be collected within one year and submitted by August 5, 2020.  Compl. ¶ 2, ECF No. 1; R.C. § 3513.263.

Beginning on or around July 31, 2019, Plaintiff began diligently collecting signatures for the 2020 election.  Compl. ¶ 14, 19, ECF No. 1.  However, he had not collected enough signatures to meet the threshold to have his name on the ballot before COVID-19 began spreading in the United States.  *Id.* at ¶ 19.

### B. The Impact of COVID-19

Beginning in March 2020, in an effort to delay the spread of COVID-19, Governor DeWine issued a series of orders (described in greater detail below) closing certain businesses, prohibiting large gatherings, and advising people against leaving their homes.  *Id.* at ¶ 13.  Plaintiff says that in mid-March he stopped obtaining signatures "due to comments from voters that [it was] not safe to be touching pens, etc. and being too close, and from Governor DeWine's and

President Trump's orders on the Covid 19 virus." *Id.* at ¶ 19.[1]  Plaintiff alleges that collecting signatures "is a time consuming process which requires being within 2 feet of the signer and most people use the collector's pen."  *Id.* at ¶ 22. Plaintiff claims that Governor DeWine's orders have "effectively precluded [him] and other similarly situated independent candidates throughout the state from qualifying to have their name on the 2020 general election ballot."  *Id.* at ¶ 15.

Defendants have indicated they will not extend the filing deadline or change the number of signatures required.  *Id.* at ¶ 16.

### C. Plaintiff's Claims

Plaintiff brings claims for violation of his First and Fourteenth Amendment rights.[2]  *Id.* at ¶¶ 28–32.  Plaintiff seeks a declaration that "RC 3513.2576 and other election laws are unconstitutional as applied to [him] in his capacity as a candidate for President and as a qualified voter"; an injunction barring Defendants from enforcing the signature requirements; and an order requiring Defendants to decrease the signature requirement or simply place Plaintiff's name on the ballot despite not meeting the signature requirement.

---

[1] Plaintiff's Complaint refers to the Ohio stay-at-home orders as originating with Governor DeWine, but they were actually signed by the Director of the Ohio Department of Health.

[2] Plaintiff brings a separate count asserting that R.C. 3513.257 is unconstitutional to him as a voter.  However, he does not provide the legal basis for this claim or explain how it is separate from his First and Fourteenth Amendment claims.

## II. ANALYSIS

### A. Standard of Review

A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Nonetheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "[A] naked assertion . . . gets the complaint close to stating a claim, but

without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557.

## B. Application

Before the COVID-19 pandemic, Plaintiff challenged Ohio's one-year time limit for collecting signatures imposed by Ohio Revised Code Section 3513.263. The Secretary of State was granted summary judgment in that case, which was affirmed by the Sixth Circuit. *Duncan v. Husted*, 125 F. Supp. 3d 674 (S.D. Ohio 2015), *aff'd* 6th Cir. No. 15-4017 (Mar. 7, 2016) (finding that the challenged statute imposed a reasonable burden both on its face and as applied to Plaintiff). Therefore, Plaintiff's current challenge to the signature-gathering requirements must rely on something more than a facial challenge to the statute.

Unfortunately for Plaintiff, the Sixth Circuit has already considered a functionally identical case to this one and upheld dismissal of the plaintiffs' claims. In *Hawkins v. DeWine*, two plaintiffs sought to qualify as independent candidates for president in the 2020 election and alleged that Ohio's signature requirements in combination with the COVID-19 orders given by Governor DeWine unconstitutionally burdened the plaintiffs' First and Fourteenth Amendment rights. No. 20-3717, 2020 U.S. App. LEXIS 24371, at **2, 4 (6th Cir. July 27, 2020). In other words, the claims in *Hawkins* are identical to this case for all practical purposes. In *Hawkins*, the Sixth Circuit applied the *Anderson-Burdick* framework and first found that "Ohio's ballot-access laws—in conjunction with the State's COVID-19 orders—placed only an 'intermediate' burden on the

plaintiffs' access to the ballot." *Id.* at *7 (citing *Thompson v. DeWine*, 959 F.3d 804, 809–11 (6th Cir. 2020) (order) (per curiam)). The Sixth Circuit next reviewed the state's justification for the restrictions and agreed with its prior conclusion in *Thompson* that these justifications "outweigh the intermediate burden those regulations place on Plaintiffs." *Id.* at *9 (citing *Thompson*, 959 F.3d at 811).

Plaintiff has not provided any basis for the Court to distinguish this case from *Thompson* or *Hawkins*. Therefore, Defendants' motions to dismiss, ECF Nos. 14, 15, 17, are **GRANTED**.[3] Plaintiff's claims are **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants and **TERMINATE** this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] There are likely numerous other problems with Plaintiff's claims that would also warrant dismissal. As examples, the General Assembly is almost certainly immune from Plaintiff's claims because they involve actions taken in the Assembly's legislative capacity, and Plaintiff's Complaint admits that a large part of the difficulty he has encountered has been caused by forces outside the control of Defendants (e.g. President Trump's orders and people's own fears about being near others because of COVID-19). Nevertheless, because the Sixth Circuit has already firmly decided that Plaintiff's claims are barred under the First and Fourteenth Amendments, the Court leaves the analysis there.